1:13-cv-370

# EXHIBIT
# 1

1:13-370

Case:D-1-GN-13-001141 with (5) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 4/5/2013 | PET-PL ... | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 4/16/2013 | SRVPRO... | EXE SERVICE OF CITATION | WEXFORD SPECTRUM ADVISORS, L.P. |
| 4/16/2013 | SRVPRO... | EXE SERVICE OF CITATION | WEXFORD CAPITAL, L.P. |
| 4/16/2013 | SRVPRO... | EXE SERVICE OF CITATION | WEXFORD GP,L.L.C. |
| 4/29/2013 | ANS-RES... | ANSWER &ADDITIONAL PLEADING | DEFENDANT'S SPECIAL EXCEPTIONS AND ORIGINAL ANSWER |

**Exhibit 1**

Filed
13 April 5 P12:30
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-001141

CAUSE NO. D-1-GN-13-001141

| | | |
|---|---|---|
| TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| v. | § § § | |
| | § | TRAVIS COUNTY, TEXAS |
| WEXFORD SPECTRUM FUND, L.P., WEXFORD SPECTRUM ADVISORS, L.P., WEXFORD CAPITAL, L.P., and WEXFORD GP, L.L.C., | § § § § § | |
| *Defendants.* | § § § | 261ST__ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Texas County and District Retirement System (*TCDRS or Plaintiff*), and files this Original Petition against Defendants, Wexford Spectrum Fund, L.P., Wexford Spectrum Advisors, L.P., Wexford Capital, L.P., and Wexford GP, L.L.C. (*Defendants*), and in support thereof alleges as follows:[1]

### SUMMARY OF THE ACTION

1.      This is a case of a hedge-fund manager and its affiliates putting their own interests ahead of their investors', to the detriment of the retirement accounts of thousands of Texas citizens.

2.      Defendants are various entities managing the hedge-fund limited partnership of Wexford Spectrum Fund, L.P. (the *Fund*), as well as the Fund itself. These entities owed

---

[1] The allegations in this version of the Petition are limited due to TDCRS's contractual confidentiality obligations to Defendants.

1

fiduciary duties to the Fund's investors including TCDRS, a statewide system entrusted with the retirement accounts of thousands of Texas local-government employees.

3.     Those fiduciary duties obligate Defendants to place the interests of their investors—such as TCDRS—above their own.  Wexford Capital, L.P., the investment manager of the Fund, boasts that it does just that, stating that it "is committed to conducting its investment advisory business in accordance with the highest legal and ethical standards in furtherance of the interests of our Funds and in a manner that is consistent with all applicable laws, rules and regulations."[2]

4.     Defendants breached these duties through their manipulation of Fund investments and statements regarding those assets made to investors in October 2012.

5.     As a result of this wrongdoing, Defendants have taken millions of dollars from the Fund investors and may soon profit even more.  Meanwhile, TCDRS has been damaged considerably by Defendants' deception and breaches of fiduciary duty.

## PARTIES

6.     Plaintiff TCDRS is a Texas governmental entity established in 1967 by the state legislature to maintain a "program of benefits for members, retirees, and their beneficiaries." TEX. GOV'T CODE § 841.002.  At all relevant times and until December 31, 2012, TCDRS was a limited partner of Wexford Spectrum Fund, L.P.

---

[2] Form 2A of Form ADV (Firm Brochure), Item 11, *available at*
http://www.adviserinfo.sec.gov/Iapd/Content/Common/crd_iapd_Brochure.aspx?BRCHR_VRSN_ID=189486.

2

7.     Defendant Wexford Spectrum Fund, L.P. (*the Fund*) is a Delaware limited partnership doing business in Texas, and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8.     Defendant Wexford Spectrum Advisors, L.P. (*Wexford Spectrum Advisors*) is a Delaware limited partnership doing business in Texas, and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Wexford Spectrum Advisors, L.P. is the general partner of the Fund.

9.     Defendant Wexford Capital, L.P. (*Wexford Capital*) is a Delaware limited partnership doing business in Texas, and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Wexford Capital is the Investment Manager of the Fund, and is responsible for all day-to-day investment management and portfolio decisions made by the Fund.  Wexford Capital is an SEC-registered investment advisor, and manages over $4.7 billion in a series of hedge funds and private equity funds.

10.     Defendant Wexford GP, L.L.C. is a Delaware limited liability company doing business in Texas, and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Wexford GP, L.L.C. is the general partner of Wexford Capital (the Fund's Investment Manager) and thus, under Delaware law[3], controls Wexford Capital.

## DISCOVERY PLAN

11.     Plaintiff intends to conduct discovery under Level 2.

---

[3] *See* 6 Del. C. § 17-403.

3

## JURISDICTION AND VENUE

12.     Upon information and belief, Wexford Capital is subject to the Court's general jurisdiction arising from its continuous and systematic business activities in Texas.  In addition, this Court has jurisdiction over the Fund, Wexford Spectrum Advisors, and Wexford Capital because they have conducted business in this state, including entering into a contract with TCDRS, a Texas resident. *See* TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 2008).  This Court has jurisdiction over Wexford GP, L.L.C. because, as general partner of Wexford Capital, Wexford GP, L.L.C. controlled Wexford Capital's actions when it did business in this state and contracted with TCDRS, a Texas resident. *See House v. 22 Tex. Servs., Inc.*, 60 F. Supp. 2d 602, 608-09 (S.D. Tex. 1999) (denying defendant's motion to dismiss for lack of personal jurisdiction because general partner of limited partnership is "charged with carrying out the business of the partnership" and partnership had done business in Texas).

13.     In addition, Defendants the Fund and Wexford Spectrum Advisors have agreed to submit to the jurisdiction of Texas courts and to venue in Travis County pursuant to a side-letter agreement with TCDRS.

14.     Venue of this action is proper in this Court pursuant to § 841.0051(b) of the Texas Government Code, which provides that TCDRS may pursue claims in Travis County.

## FACTUAL BACKGROUND

### TCDRS's Investment in the Fund

15.     TCDRS is a state-created trust that partners with counties and districts to provide retirement benefits to more than 225,000 county and district employees in Texas.  In keeping

4

with its duties to provide these benefits, TCDRS relies on a variety of prudent investment vehicles.

16.     In 2010, TCDRS began discussions with Wexford representatives regarding a possible investment in the Fund, which advertised itself as "an opportunistic, multi-strategy/global macro hedge fund."[4]  TCDRS opted to invest in the Fund in December 2010 by becoming one of the Fund's limited partners.  Its initial investment in the Fund was $100 million; TCDRS subsequently invested an additional $80 million in the Fund in April 2011 and another $25 million in September 2011, making its total investment in the Fund $205 million.

17.     To become an investor in the fund, TCDRS entered into two agreements with the Fund and its affiliates: the Fourth Amended and Restated Partnership Agreement (since superseded by the Fifth Amended and Restated Partnership Agreement (the *Partnership Agreement*)) between TCDRS and Wexford Spectrum Advisors, the General Partner of the Fund; and a side-letter agreement dated January 1, 2011, and subsequently amended on April 27, 2012 (collectively, the *Side Letter*) between TCDRS, the Fund, Wexford Spectrum Advisors (as General Partner), and Wexford Capital, the Fund's Investment Manager.

18.     Once TCDRS became a limited partner of the Fund, there is no question that Defendants had the duty to act in good faith towards TCDRS and in TCDRS's best interests. The governing documents provide that the General Partner and Partnership owe a fiduciary duties to TCDRS.  Moreover, Delaware law imposes an "unquestionabl[e]" and "direct" fiduciary duty upon Wexford Spectrum Advisors, as General Partner, to both the limited partners and the partnership. *Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d

---

[4] P'ship Agr. at 1.

1175, 1180 (Del. Ch. 1999). Wexford Capital, as the Fund's Investment Manager, also owed a fiduciary duty to the limited partners under Delaware agency law.

19.     The Wexford Defendants did not attempt to disclaim their fiduciary duties to the Partnership or the Limited Partners. In fact, they repeatedly affirmed their duties to the Limited Partners in the governing documents and publicly in SEC filings (avowing to "meet our obligations as a fiduciary").[5]

### Wexford's Misrepresentations and Breaches of Fiduciary Duty

20.     TCDRS had retained its $205 million investment for about a year when actions by Fund principals spurred it to withdraw its investment. TCDRS gave notice of its redemption from the Fund on September 17, 2012. TCDRS's effective withdrawal date from the Fund was December 31, 2012.

21.     Shortly after receiving TCDRS's redemption request, Wexford Capital distributed a letter to Fund investors, dated October 17, 2012, regarding its disposition of certain assets (the *Assets*). The October 17 letter provided information regarding the value and saleability of the Assets, and called for investors to make an election regarding their investment of the Assets. On the basis of the information provided to investors, TCDRS made an election as to how to allocate its investment in the Fund, essentially selling its interest in the Assets back to Defendants at cost.

22.     However, Defendants' representations to investors were false. Defendants made misleading statements regarding the Assets to investors, and withheld material information regarding the Assets. Had TCDRS known the truth about the Assets, it would have elected to

---

[5] Form 2A of Form ADV (Firm Brochure), Item 11, *available at*
http://www.adviserinfo.sec.gov/Iapd/Content/Common/crd_iapd_Brochure.aspx?BRCHR_VRSN_ID=189486.

allocate its investment differently.  Instead, it relied on Defendants—TCDRS's fiduciaries—to its detriment.

23.   TCDRS lost millions in investment returns for its government employees because it acted in reliance on Defendants' false and incomplete representations.

## CAUSES OF ACTION

### First Cause of Action:  Fraud

24.   TCDRS repeats and realleges each of the paragraphs set forth herein.

**A.   *Misrepresentations***

25.   Defendants made several misrepresentations regarding the Fund and the Assets.

26.   Defendants knew that the representations were false or, at a minimum, made the misrepresentations recklessly as positive assertions without knowledge of the truth.  Defendants made these assertions intending that TCDRS would rely upon them and act upon them, and TCDRS did, justifiably and detrimentally, rely on the misrepresentations, which proximately caused them substantial harm.

**B.   *Concealment of or Failure to Disclose a Material Fact***

27.   Defendants owed TCDRS a fiduciary duty as a matter of law, including the duty to disclose all material facts, and the duty to update TCDRS if a misleading impression had been created by previous communications they had authorized.  Nonetheless, they failed to disclose material facts necessary to make the facts they stated not misleading, including without limitation, facts regarding the Fund and the Assets.

7

28.     Plaintiff justifiably and detrimentally relied on these misrepresentations and failures to disclose material facts, which proximately caused it substantial harm.

### Second Cause of Action: Statutory Fraud

29.     TCDRS repeats and realleges each of the paragraphs set forth herein.

30.     Texas Business & Commerce Code § 27.01(a) prohibits false representations of material fact in transactions involving "real estate or stock in a . . . joint stock company." Defendants made false statements of material fact regarding the Fund and the Assets in Wexford Capital's October 17 letter.

31.     Defendants' misrepresentations were made with actual awareness of their falsity to induce TCDRS essentially to sell its interest in the Assets back to Defendants at cost. TCDRS justifiably and detrimentally relied upon the misrepresentations when it decided to sell its interest, which proximately caused them substantial harm.

### Third Cause of Action: Breach of Fiduciary Duty

32.     TCDRS repeats and realleges each of the paragraphs set forth herein.

33.     Delaware law, which governs TCDRS's contractual relationship with Defendants, imposes upon the Fund's General Partner (Wexford Spectrum Advisors) and Investment Manager (Wexford Capital) duties of candor,[6] loyalty, and care[7] to the limited partners, of which group TCDRS is a member. These Defendants breached their duties to TCDRS's detriment.

---

[6] See *Mills Acquisition Co. v. Macmillan, Inc.*, 559 A.2d 1261, 1283 (Del. 1989) (holding that "the duty of candor is one of the elementary principles of fair dealing, Delaware law imposes this unremitting obligation not only on officers and directors, but also upon those who are privy to material information obtained in the course of

8

34.     Defendants breached their duty of candor to TCDRS by making false representations and withholding material information regarding the Fund and the Assets.

35.     Through their actions, Defendants breached their duty of loyalty to TCDRS.

36.     Defendants breached their duty of care to TCDRS through grossly negligent Fund management.    Though Plaintiff believes that Defendants' representations and omissions regarding the Fund and the Assets were fraudulent, they were, at a minimum, grossly negligent.

37. .    Defendants' breach of the duties of candor, loyalty, and care proximately caused TCDRS substantial harm.

**Fourth Cause of Action: Aiding and Abetting Fraud and Breach of Fiduciary Duty**

38.     TCDRS repeats and realleges each of the paragraphs set forth herein.

39.     Wexford GP, LLC aided and abetted Wexford Capital's fraud and breach of fiduciary duty to TCDRS.    Wexford Capital, as Investment Manager of the Fund, is a fiduciary to the limited partners, including TCDRS.    Thus, Wexford Capital is directly liable for breaching its duties to TCDRS and committing fraud.    Wexford GP, LLC is the general partner of Wexford Capital.    Wexford GP, LLC exclusively controlled Wexford Capital, L.P., and was aware of the Investment Manager's duty to the Fund's limited partner.

---

representing corporate interests" and "[t]he silence of [certain fiduciaries] in the face of their rigorous affirmative duty of disclosure ... was a fraud upon the board.").

[7] *Bay Ctr. Apartments Owner, LLC v. Emery Bay PKI, LLC*, No. 3658-VCS, 2009 WL 1124451, at *8 n.33 (Del. Ch. Apr. 20, 2009) ("'Absent a contrary provision in the partnership agreement, the general partner of a Delaware limited partnership owes the traditional fiduciary duties of loyalty and care to the Partnership and its partners.'") (quoting *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, No. 15754, 2000 WL 1476663, at *10 (Del. Ch. Sept. 27, 2000)).

9

40.     As a result of its control of Wexford Capital, Wexford GP, LLC knowingly participated in both its fraud and breach fiduciary duty, and should accordingly be held jointly liable for the wrongful acts of Wexford Capital, L.P. as an aider and abettor. *See Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc.*, No. 7092–VCP, 2012 WL 6632681, at *18 (Del. Ch. Dec. 20. 2012).

### Fifth Cause of Action: Breach of Contract (Partnership Agreement)

41.     TCDRS repeats and realleges each of the paragraphs set forth herein.

42.     Section 3.2(a)(iv) of the Partnership Agreement provides for specific treatment and accounting of the Assets.

43.     Defendants' actions constitute a breach of the Partnership Agreement.

44.     As a result of Defendants' breach, TCDRS proximately suffered substantial harm.

### Sixth Cause of Action: Breach of Contract (Side Letter)

45.     TCDRS repeats and realleges each of the paragraphs set forth herein.

46.     The Side Letter states that "[t]he General Partner and the Partnership agree that they will engage in transactions involving actual or potential conflicts of interest only if in their view the terms of its transactions are *fair and equitable to the Partnership*." Because TDCRS's transactions regarding the Assets involved a conflicted transaction, the terms of the sale must be fair and equitable.   Defendants breached this agreement through its actions, including its misrepresentations and omissions regarding the Fund and the Assets.

47.     As a result of Defendants' breach, TCDRS proximately suffered substantial harm.

10

**Seventh Cause of Action:**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

48.     TCDRS repeats and realleges each of the paragraphs set forth herein.

49.     Alternatively to its breach of contract claims, TCDRS charges the Fund, Wexford Spectrum Advisors, and Wexford Capital with breach of the implied covenant of good faith and fair dealing with regard to both the Side Letter and the Partnership Agreement.

50.     Defendants' conduct regarding the Appreciated Assets was arbitrary and unreasonable.

51.     These actions prevented TCDRS from obtaining the benefit of its contracts with Defendants.

**Eighth Cause of Action: Negligent Misrepresentation**

52.     TCDRS repeats and realleges each of the paragraphs set forth herein.

53.     Though Plaintiff believes that Defendants' representations and omissions regarding the Fund and the Assets were fraudulent, they were, at a minimum, grossly negligent.

54.     As a result of Defendants' gross negligence, TCDRS proximately suffered substantial harm.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests the following relief:

- actual damages;

- exemplary damages;

- attorneys' fees;

11

- court costs; and

- any further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Jennifer B. Poppe
Jennifer B. Poppe
State Bar No. 24007855
Alithea Z. Sullivan
State Bar No. 24072376
Grayson McDaniel
State Bar No. 24078966
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: (512)542-8400
Facsimile: (512)542-8612
jpoppe@velaw.com

Karl S. Stern
State Bar No. 19175665
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2222
Facsimile: (713) 758-2346
kstern@velaw.com

**ATTORNEYS FOR TCDRS**

12



# Amalia Rodriguez–Mendoza

District Clerk, Travis County

Travis County Courthouse Complex

P. O. Box 679003

Austin, Texas 78767

Date: November 3, 2008

TO: All attorneys of record in cases pending in Travis County District Court

NOTICE OF ENTRY OF NEW E-FILE MANDATE ORDER

The 2008 Court Order Regarding E-filing is effective as of November 1, 2008. You can view this order by selecting the link near the top of the following web page:

http://www.co.travis.tx.us/district_clerk/default.asp

If you have not yet established an e-filing account, please refer to Texas Online's eFiling Main Information at:

http://www.texasonline.com/portal/tol/en/info

We are asking that you establish your account as soon as possible, but a grace period through the end of the year has been implemented to allow you adequate time to make e-filing preparations.

If you have any questions regarding the e-filing process or the order's application to any of your pending cases, you may call 512-854-FILE (512-854-3453) for assistance.

Thank you.

*Amalia Rodriguez-Mendoza*

Amalia Rodriguez-Mendoza
Travis County District Clerk

Travis County District Clerk's Office
Civil Division

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

## IF YOU NEED A LAWYER
## AND DON'T KNOW ONE,
## THE LAWYER REFERRAL SERVICE
## CAN HELP

### 512-472-8303
**866-303-8303 (toll free)**
**www.AustinLRS.com**

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN
## ABOGADO Y NO CONOCE A NINGUNO
## PUEDE LLAMAR
## A LA REFERENCIA DE ABOGADOS

### 512-472-8303
**866-303-8303 (llame gratis)**
**www.AustinLRS.com**

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303



CERTIFIED MAIL™

7011 1150 0000 8579 3480

Fwd. Add. Correction Requested

*DRLS*
516 West Annie St.
Austin, Texas 78704

Wexford Spectrum Fund, L.P.
c/o Its Registered Agent
Corporation Service Company
2711 Centerville Road Suite 400
Wilmington, DE 19808

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-13-001141

TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM         , Plaintiff

     vs.

WEXFORD SPECTRUM FUND, L.P., WEXFORD SPECTRUM ADVISORS, L.P., WEXFORD CAPITAL, L.P., AND WEXFORD GP, L.L.C.        , Defendant

TO:   WEXFORD SPECTRUM ADVISORS, L.P.
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      2711 CENTERVILLE ROAD, SUITE 400
      WILMINGTON, DELAWARE 19808

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 5, 2013 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 05, 2013.,

REQUESTED BY:
JENNIFER BARRETT POPPE
2801 VIA FORTUNA STE 100
AUSTIN, TX 78746
BUSINESS PHONE: (512) 542-8464
FAX: (512) 236-3470

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MESCHER MARIA

Filed in The District Court
of Travis County, Texas

APR 16 2013

At ___ 3:01 P ___ M.

Amalia Rodriguez-Mendoza, Clerk

— — — — — — — — — — R E T U R N — — — — — — — — — — —

Came to hand on the __5__ day of __April__ , __2013__ at __2:19__ o'clock __P__ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____ M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the NOTICE OF ENTRY OF EFILE MANDATE ORDER, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ __67.00__

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: RETURN ATTACHED
_____
Printed Name of Server

_____ County, Texas

D-1-GN-13-001141

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

**DRLS**
516 West Annie St.
Austin, Texas 78704
6630-2

P01 - 000012703

RETURN                                          Cause No.  D-1-GN-13-001141

Came to hand on the 5th day of April, 2013, at 2:19 o'clock p.m.

X     Citation                               X     Plaintiff's Original Petition
X     Travis County E-File Mandate Order     X     Lawyer Referral Service Sheet

Executed at 2711 Centerville Road, Suite 400, Wilmington, DE 19808, within the County of New
Castle, on the 9th day of April, 2013, at 8:49 o'clock a.m., by delivering to the within named,
WEXFORD SPECTRUM ADVISORS, L.P., by delivering to its Registered Agent, CORPORATION
SERVICE COMPANY, by delivering to its employee, via U.S.P.S. Certified Mail, return receipt
requested, a true copy of the above specified civil process, having first endorsed thereupon the date
mailed.  I am over eighteen (18) years of age and not a party to or interested in the outcome of the above
numbered cause.  I am authorized to serve citations and other notices in this cause by Texas Supreme
Court Order #SCH1660, exp. 11/30/2014.  This return is attached to original process or a true copy
thereof.  I declare under penalty of perjury that the foregoing is true.  (return receipt attached)


    Tod E. Pendergrass                      
Printed Name of Process Server              Signature of Authorized Process Server
                                            DRLS, 516 W. Annie, Austin, Tx. 78704

VERIFICATION:     STATE OF TEXAS, COUNTY OF TRAVIS        Re:  VE/6634-2

Before me, a notary public, on this day personally appeared the above named person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements/facts therein contained are within his/her personal knowledge to be true and
correct.  Given under my hand and seal of office on the 12th day of April, 2013.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2015
                    Notary Public Signature in and for the State of TEXAS



C I T A T I O N

T H E   S T A T E   O F   T E X A S

CAUSE NO. D-1-GN-13-001141

TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM

, Plaintiff

vs.

WEXFORD SPECTRUM FUND, L.P., WEXFORD SPECTRUM ADVISORS, L.P., WEXFORD CAPITAL, L.P., AND WEXFORD GP, L.L.C.

, Defendant

TO: WEXFORD CAPITAL, L.P.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    2711 CENTERVILLE ROAD, SUITE 400
    WILMINGTON, DELAWARE 19808

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 5, 2013 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 05, 2013.,

REQUESTED BY:
JENNIFER BARRETT POPPE
2801 VIA FORTUNA STE 100
AUSTIN, TX 78746
BUSINESS PHONE: (512) 542-8464
FAX: (512) 236-3470

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MESCHER MARIA

– – – – – – – – – – R E T U R N – – – – – – – – – – –

Came to hand on the _5_ day of _April_, _2013_ at _2:19_ o'clock _P_ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____ M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the NOTICE OF ENTRY OF EFILE MANDATE ORDER, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _67.00_

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: RETURN ATTACHED
_____
Printed Name of Server

_____ County, Texas

D-1-GN-13-001141

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

DRLS
516 West Annie St.
Austin, Texas 78704
6634-3

P01 - 000012704

ORIGINAL

**RETURN**

Cause No.   D-1-GN-13-001141

Came to hand on the 5th day of April, 2013, at 2:19 o'clock p.m.

X   Citation                                           X   Plaintiff's Original Petition
X   Travis County E-File Mandate Order                 X   Lawyer Referral Service Sheet

Executed at 2711 Centerville Road, Suite 400, Wilmington, DE 19808, within the County of New Castle, on the 9th day of April, 2013, at 8:49 o'clock a.m., by delivering to the within named, WEXFORD CAPITAL, L.P., by delivering to its Registered Agent, CORPORATION SERVICE COMPANY, by delivering to its employee, via U.S.P.S. Certified Mail, return receipt requested, a true copy of the above specified civil process, having first endorsed thereupon the date mailed.  I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause. I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2014.  This return is attached to original process or a true copy thereof.  I declare under penalty of perjury that the foregoing is true.  (return receipt attached)

___Tod E. Pendergrass___
Printed Name of Process Server

Signature of Authorized Process Server
DRLS, 516 W. Annie, Austin, Tx. 78704

**VERIFICATION:**   STATE OF TEXAS, COUNTY OF TRAVIS       Re:  VE/6634-3

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge to be true and correct.  Given under my hand and seal of office on the 12th day of April, 2013.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2015

Notary Public Signature in and for the State of TEXAS



C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-13-001141**

TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM                     , Plaintiff

vs.

WEXFORD SPECTRUM FUND, L.P., WEXFORD SPECTRUM ADVISORS, L.P., WEXFORD CAPITAL,
L.P., AND WEXFORD GP, L.L.C.                                    , Defendant

TO:  WEXFORD GP, L.L.C.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     2711 CENTERVILLE ROAD, SUITE 400
     WILMINGTON, DELAWARE 19808

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered
cause, which was filed on APRIL 5, 2013 in the 261ST JUDICIAL DISTRICT COURT of Travis County,
Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 05, 2013. ,

REQUESTED BY:
JENNIFER BARRETT POPPE
2801 VIA FORTUNA STE 100
AUSTIN, TX 78746
BUSINESS PHONE: (512) 542-8464
FAX: (512) 236-3470

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MESCHER MARIA

- - - - - - - - - - - R E T U R N - - - - - - - - - -

Came to hand on the __5__ day of __April__, __2013__ at __2:19__ o'clock __P__ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the NOTICE OF ENTRY OF EFILE MANDATE ORDER,
LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such
copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ __68.00__

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-13-001141

☐ Original    ☐ Service Copy

_____
Sheriff / Constable / Authorized Person

By: _____

RETURN ATTACHED
Printed Name of Server

_____ County, Texas

SERVICE FEE NOT PAID

**DRLS**
516 West Annie St.
Austin, Texas 78704
6634-4

P01 - 000012705

RETURN                                        Cause No.   D-1-GN-13-001141

Came to hand on the 5th day of April, 2013, at 2:19 o'clock p.m.

X    Citation                                X    Plaintiff's Original Petition
X    Travis County E-File Mandate Order      X    Lawyer Referral Service Sheet

Executed at 2711 Centerville Road, Suite 400, Wilmington, DE 19808, within the County of New
Castle, on the 9th day of April, 2013, at 8:49 o'clock a.m., by delivering to the within named,
WEXFORD GP, L.L.C., by delivering to its Registered Agent, CORPORATION SERVICE
COMPANY, by delivering to its employee, via U.S.P.S. Certified Mail, return receipt requested, a true
copy of the above specified civil process, having first endorsed thereupon the date mailed.  I am over
eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause.
I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order
#SCH1660, exp. 11/30/2014.  This return is attached to original process or a true copy thereof.  I declare
under penalty of perjury that the foregoing is true.  (return receipt attached)



___Tod E. Pendergrass___                    _____
Printed Name of Process Server              Signature of Authorized Process Server
                                            DRLS, 516 W. Annie, Austin, Tx. 78704

VERIFICATION:    STATE OF TEXAS, COUNTY OF TRAVIS        Re: VE/6634-4

Before me, a notary public, on this day personally appeared the above named person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements/facts therein contained are within his/her personal knowledge to be true and
correct.  Given under my hand and seal of office on the 12th day of April, 2013.

STAR SALAZAR                  _____
NOTARY PUBLIC                 Notary Public Signature in and for the State of TEXAS
State of Texas
Comm. Exp. 04-27-2015



Filed
13 April 29 A9:18
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-001141

NO. D-1-GN-13-001141

| | | |
|---|---|---|
| TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | TRAVIS COUNTY, TEXAS |
| WEXFORD SPECTRUM FUND, L.P., WEXFORD SPECTRUM ADVISORS, L.P., WEXFORD CAPITAL, L.P., and WEXFORD GP, L.L.C., | § § § § § § | |
| *Defendants.* | § | 261st JUDICIAL DISTRICT |

## DEFENDANTS' SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendants Wexford Spectrum Fund, L.P., Wexford Spectrum Fund Advisors, L.P., Wexford Capital, L.P., and Wexford GP, L.L.C. (collectively, "Defendants") file their Special Exceptions and Original Answer as follows:

### I.   SPECIAL EXCEPTIONS

Pursuant to TEX. R. CIV. P. 90 and 91, Defendants assert the following special exceptions to Plaintiff's Original Petition ("Petition").

### A.   General special exceptions

1.   A petition must give "fair notice" of the plaintiff's claims in order to enable the opposing parties to "determine the nature of the controversy and the testimony that would probably be relevant."[1] "The purpose of special exception is to compel

---

[1] TEX. R. CIV. P. 45(b); *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App. – Eastland 2004, no pet.).

987021

clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action."[2]  Rather than comply with Texas' fair notice pleading requirement, Plaintiff's Petition improperly obfuscates the nature of Plaintiff's claims with vague and conclusory allegations that are insufficient to allow Defendants to prepare a defense.[3]

2.      Plaintiff has sued Defendants for eight causes of action.  The allegations include fraud, statutory fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract based on a partnership agreement, breach of contract based on a side letter, breach of a purported implied covenant of good faith and dealing, and negligent misrepresentation.  Defendants specially except to the Petition in its entirety because the pleading wholly fails to provide fair notice of the claims against Defendants and fails to set forth facts supporting the elements necessary for the causes of action asserted against Defendants.  Among other things, the Petition fails to:

- identify any misrepresentation(s) or omission(s);

- provide details regarding the particular time, place or contents of the alleged misrepresentation(s) or omission(s);

- specify whether any alleged fraudulent statement was oral or written and, if written, the particular document(s) involved;

- state the role of each of the Defendants in the purported fraud, breach of contract, or negligent misrepresentation;

---

[2] *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632 (Tex. 2007).

[3] Apparently recognizing the deficiencies of its Petition, Plaintiff states that "[t]he allegations in this version of the Petition are limited due to TDCRS's [*sic*] contractual confidentiality obligations to Defendants."  Petition at n.1.  To ameliorate Plaintiff's concerns, Defendants will seek entry of a Protective Order that will allow Plaintiff to meet its pleading obligations under the Texas Rules of Civil procedure without breaching is contractual confidentiality obligations.

987021

- explain how Plaintiff relied upon each alleged misrepresentation to their detriment;

- explain how the alleged misrepresentations injured Plaintiff;

- identify which actions or failures to act by any Defendant that allegedly constitute gross negligence; or

- explain how any Defendant allegedly breached any contractual obligation owed to Plaintiff.

3.      In short, and as set forth below, Plaintiff fails to identify any nonconclusory facts to support its claims against any Defendant. Plaintiff's vague allegations fail to give Defendants sufficient notice to allow Defendants to defend themselves, and Plaintiff should be ordered to re-plead or have their defective pleadings stricken.

**B.      Special exceptions to specific allegations**

4.      Defendants specially except to the vague, conclusory allegations in ¶¶ 2, 3, 4, 18, 19, 22, 34, 35 and 36 of the Petition that each of the Defendants allegedly owed and/or breached fiduciary duties to the Plaintiffs. First, by relying on generalized group pleading referring only to "Defendants," Plaintiff fails to provide sufficient notice of which specific Defendant Plaintiff contends owes and/or breached which specific fiduciary duty. In addition, the allegations in ¶¶ 4, 22, 34, 35, and 36 fail to identify any specific misstatement or omission by any Defendant (or any specific act or omission by any Defendant) on which Plaintiff purports to rely to support its breach of fiduciary duty-related claims. Instead, Plaintiff merely makes conclusory allegations, devoid of any support elsewhere in the Petition, that unspecified Defendants allegedly breached their fiduciary duties by "[the] manipulation of Fund investments and statements regarding

3

those assets made to investors in October 2012" ( Petition at ¶ 4); "ma[king] misleading statements regarding the Assets to investors, and with[olding] material information regarding the Assets" (*id.* at ¶ 22); "making false representations and withholding material information regarding the Fund and its Assets (*id.* at ¶ 34); and "grossly negligent Fund management" (*id.* at ¶ 36). Plaintiff's vague and conclusory allegations fail to give Defendants sufficient notice to allow Defendants to defend themselves in respect to Plaintiff's fiduciary duty-based claims. The Petition is defective and Plaintiff should be ordered to re-plead to cure this deficiency, if it can.

5.     Defendants also specially except to the vague, conclusory allegations regarding purported fraud as set forth in ¶¶ 4, 5, 22, 23, 25, 26, 27, 28, 30, 36, 40, and 53 of the Petition. First, Plaintiff again improperly relies on generalized group pleading by referring only to "Defendants," in respect to the allegations in ¶¶ 4, 5, 22, 23, 25, 26, 27, 28, 30, 36, and 53. Such allegations fail to provide sufficient notice of which specific Defendant Plaintiff contends engaged in which specific conduct.  In addition, the allegations in ¶¶ 4, 5, 22, 23, 25, 26, 27, 28, 30, 36, 40, and 53 fail to identify any specific misstatement or omission by any Defendants on which Plaintiff purports to rely to support its fraud-based claims.  Instead, Plaintiff merely makes conclusory allegations, devoid of any support elsewhere in the Petition, that unspecified Defendants allegedly committed fraud, statutory fraud, and/or negligent misrepresentations with unidentified "statements regarding [the] assets" (Petition at ¶ 4); "deception" (*id.* at ¶ 5); "representations" and "misleading statements" (*id.* at ¶ 22, 26, 36); "false...representations" (*id.* at ¶ 23); "misrepresentations" (*id.* at ¶ 25, 26, 28, 31); "false

4

statements of material facts regarding the Fund and the Assets" (*id.* at ¶ 30); and "fraud" (*id.* at ¶ 53). Nor does Plaintiff identify any specific information that it asserts was improperly omitted, alleging only that unspecified Defendants withheld unspecified "material information regarding the Assets" (*id.* at ¶ 22); "material facts ... regarding the Fund and the Assets" (*id.* at ¶ 27); and "material facts" (*id.* at ¶ 28). Plaintiff also bases such claims on conclusory assertions of "incomplete representations" (*id.* at ¶ 23); "omissions" (*id.* at ¶ 36); and "fraud" (*id.* at ¶ 53). Plaintiff's vague and conclusory allegations fail to give Defendants sufficient notice to allow Defendants to defend themselves in respect to Plaintiff's fraud-based and negligent misrepresentation-based claims. The Petition is defective and Plaintiff should be ordered to re-plead to cure this deficiency, if it can.

6.     In addition, Defendants specially except to the vague, conclusory allegations regarding the purported breaches of contract as set forth in ¶¶ 42, 43, 44, 46, 47, 50, and 51 of the Petition.  As Plaintiff concedes in ¶ 17 of the Petition, not all of the Defendants were parties to the documents Plaintiff alleges underlie its breach of contract claims. Yet, in ¶¶ 43, 44, 46, 47, 50, and 51, Plaintiff again improperly relies on generalized group pleading by alleging that unspecified "Defendants" breached the purported contracts at issue.  In addition, in ¶¶ 42, 43, 44, 46, 47, 50 and 51, Plaintiff merely makes conclusory allegations, devoid of any support elsewhere in the Petition, that unspecified Defendants engaged in unspecified conduct resulting in unspecified breaches of those purported contracts. Plaintiff's vague and conclusory allegations fail to give Defendants sufficient notice to allow Defendants to defend themselves in respect to

5

Plaintiff's contract-based claims.   The Petition is defective and Plaintiff should be ordered to re-plead to cure this deficiency, if it can.

7.      Next, Defendants specially except to ¶¶ 5, 23, 26, 28, 31, 37, 44, 47, 54 and to the section of Plaintiff's Petition entitled "Prayer" because those allegations of damages do not state the maximum amount of damages Plaintiff seeks.  The Texas Rules of Civil Procedure require Plaintiff to specify the maximum amount of damages claimed upon special exception.  TEX. R. CIV. P. 47.  Defendants specially except to Plaintiff's vague and conclusory allegations of damages and requests the Court order Plaintiff to replead by specifying the maximum amount of damages sought for each of its claims.

8.      Lastly, Defendants specially except to the claim for attorney fees set out in the Prayer.  At least half of Plaintiff's claims do not allow recovery of attorney fees.  *See Pacesetter Pools, Inc. v. Pierce Homes, Inc.*, 86 S.W.3d 827, 834 (Tex.App.—Austin 2002, no pet.) (citing *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 803-04 (Tex. 1974)) ("[a]ttorney's fees may not be recovered in tort cases.")  Plaintiff's vague demand for attorney fees fails to give Defendants sufficient notice of the claims for which Plaintiff is seeking recovery of fees, as well as the Defendants from whom Plaintiff seeks such recovery.  Hence, the Petition is defective and Plaintiff should be ordered to re-plead to cure this deficiency, if it can.

9.      As set forth above, Plaintiff's bare allegations are insufficient to provide Defendants with the fair notice necessary to allow Defendants to defend themselves.  The Petition is defective, and Defendants respectfully request that Plaintiff be ordered to re-plead to cure the deficiency within 15 days of the Court's order.  If Plaintiff fails or

6

refuses to do so in respect to any claim or allegation, Defendants request that such claim or allegation be stricken.

## II.   GENERAL DENIAL

10.   Pursuant to TEX. R. CIV. P. 92, Defendants generally deny each and every, all and singular, of the allegations in Plaintiff's Petition and demand strict proof thereof. Defendants reserve the right to plead further as the case progresses.

## III.   AFFIRMATIVE DEFENSES

11.   In addition to their general denial, Defendants assert the following affirmative defenses:

1. Plaintiff's claims are barred, in whole or in part, by waiver.

2. Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

3. Plaintiff's claims are barred, in whole or in part, by the independent injury doctrine.

4. Plaintiff's claims are barred, in whole or in part, by the comparative fault of Plaintiff and/or others.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiff's claims are barred, in whole or in part, by disclaimer.

7. Plaintiff's claims are barred, in whole or in part, by justification and/or privilege.

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

7

## IV.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court deny all relief requested by Plaintiff and that Plaintiff take nothing on its claims, that the Court award Defendants their costs of court, and that the Court grant Defendants such other and further relief, general and special, at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(512) 495-6300
(512) 474-0731 Fax

By: _____

Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
S. Abraham Kuczaj, III
State Bar No. 24046249
akuczaj@scottdoug.com
John Gasink
State Bar No. 24078547
jgasink@scottdoug.com

**ATTORNEYS FOR DEFENDANTS
WEXFORD SPECTRUM FUND, L.P.,
WEXFORD SPECTRUM ADVISORS, L.P.,
WEXFORD CAPITAL, L.P., and
WEXFORD GP, L.L.C.**

987021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel for Plaintiff as indicated below on the 29th day of April, 2013.

*VIA email* **jpoppe@velaw.com**
*Facsimile* **(512) 542-8613**
*and*
*CM/RRR #* **7010 1670 0000 7615 5334**
Jennifer B. Poppe
Alithea Z. Sullizan
Grayson McDaniel
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746


_____
S. Abraham Kuczaj, III

9

987021

## LIST OF COUNSEL

**COUNSEL FOR PLAINTIFF**
**TEXAS COUNTY AND DISTRICT**
**RETIREMENT SYSTEM**

Jennifer B. Poppe
State Bar No. 24007855
jpoppe@velaw.com
Alithea Z. Sullivan
State Bar No. 24072376
asullivan@velaw.com (cc on emails)
Grayson McDaniel
State Bar No. 24078966
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746
(512) 542-8400
(512) 542-8612 Fax

Karl S. Stern
State Bar No. 18175665
kstern@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002
(713) 758-2222
(713) 758-2346 Fax

**COUNSEL FOR DEFENDANTS**
**WEXFORD SPECTRUM FUND, L.P.,**
**WEXFORD SPECTRUM ADVISORS, L.P.,**
**WEXFORD CAPITAL, L.P., and**
**WEXFORD GP, L.L.C.**

Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
S. Abraham Kuczaj, III
State Bar No. 24046249
akuczaj@scottdoug.com
John Gasink
State Bar No. 24078547
jgasink@scottdoug.com
SCOTT, DOUGLASS & McCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(512) 495-6300
(512) 474-0731 Fax